IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. MICHAEL A. SPLETZER, | : : : : | |
| Plaintiff/Relator, | : : | CIVIL ACTION |
| v. | : : | NO. 09-4744 |
| ALLIED WIRE AND CABLE, INC., | : : : | |
| Defendant. | : | |

**MEMORANDUM**

Tucker, C.J.                                                                                                November 10, 2015

      Presently before the Court are Defendant's Motion to Compel Plaintiff/Relator to Provide Complete Responses to Discovery (Doc. 105), Defendant's Brief in Further Support of Defendant's Motion to Compel (Doc. 106), and Plaintiff/Relator's Response in Opposition (Doc. 107). Upon consideration of the parties' submissions and for the reasons set forth below, this Court GRANTS IN PART and DENIES IN PART Defendant's Motion.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

      In March 2007, Defendant Allied Wire and Cable, Inc. ("Defendant") hired Plaintiff/Relator Michael A. Spletzer ("Plaintiff/Relator") as an Operations Manager. On October 13, 2009, Plaintiff/Relator filed the instant *qui tam* complaint in this Court against Defendant alleging violations of the False Claims Act. The parties are currently engaged in extensive discovery. Defendant now moves this Court to compel Plaintiff/Relator to: (1) provide complete responses to Requests for Production Nos. 38–63, (2) produce the Realtor Statement that was provided to the Government, and (3) produce a privilege log.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Accordingly, "a party is entitled as a general matter to discovery of any information sought if it appears 'reasonably calculated to lead to the discovery of admissible evidence.'" *Degen v. United States*, 517 U.S. 820, 825–26 (1996) (quoting Fed. R. Civ. P. 26(b)(1)). The district court has the authority to order discovery "for good cause" into "any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). The district court also has the authority to, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Accordingly, "the court exercises a broad discretion to manage the discovery process in a fashion that will implement the philosophy of full disclosure of relevant information and at the same time afford the participants the maximum protection against harmful side effects." *Clement Commc'ns, Inc. v. Am. Future Sys., Inc.*, No. 89-6280, 1990 WL 50791, at *1 (E.D. Pa. Apr. 19, 1990).

## III. DISCUSSION

### A. Requests for Production Nos. 38–63

First, Defendant moves this Court to compel Plaintiff/Relator to respond to Requests for Production Nos. 38–63. In particular, Defendant requests that Plaintiff/Relator provide documentation concerning his academic, military, and employment history. As articulated above, the district court has the power to order discovery into relevant matters for "good cause." Fed. R. Civ. P. 26(b)(1). This Court need not grant discovery, however, if the moving party

seeks discovery into matters intended to embarrass the non-moving party.  Fed. R. Civ. P. 26(c)(1).

Defendant maintains that the Court should compel discovery into these matters because they are relevant to Defendant's unclean hands defense.  Accordingly, "[t]he equitable doctrine of unclean hands applies when a party seeking relief has committed an unconscionable act immediately related to the equity the party seeks in respect to the litigation." *Highmark, Inc. v. UPMC Health Plan, Inc.*, 276 F.3d 160, 174 (3d Cir. 2001).  Defendant contends that "[i]n applying for employment with Allied Wire, Mr. Spletzer's representations were replete with fraud, deceit, unconscionability, and bad faith" and thus he is not entitled to damages pursuant to a promissory estoppel claim.  Doc. 105 p. 8.  In contrast, Plaintiff/Relator argues that Defendant's discovery request was irrelevant to the unclean hands defense and was requested to subject Plaintiff/Relator to further harassment.

This Court finds that Requests for Production Nos. 38–45 are not discoverable because they are irrelevant to "any claim or defense." Fed. R. Civ. P. 26(b)(1).  Defendant fails to demonstrate that Requests for Production Nos. 38–45 are relevant to the unclean hands defense and are sought for any reason other than to embarrass Plaintiff/Relator.  Therefore, Plaintiff need not respond to Requests for Production 38–45.

Meanwhile, this Court finds that Defendant successfully alleged that Requests for Production Nos. 46–63 are directly relevant to Defendant's unclean hands defense.  During Plaintiff/Relator's interviews with Defendant, Defendant allegedly agreed to pay for tuition costs and to pay over $100,000.00 per year for good performance.  Compl. ¶ 34.  Plaintiff/Relator alleges that Defendant did not pay him for tuition costs nor did Defendant pay over $100,000.00 per year despite his "exemplary performance."  Compl. ¶ 35.  Defendant, however, maintains

that Plaintiff/Relator is not entitled to damages pursuant to his promissory estoppel claim because Plaintiff/Relator has unclean hands and misrepresented his prior employment history at the time of his interview with Defendant.  This Court finds the requests relevant to the unclean hands defense and concludes that Plaintiff-Relator shall respond to Requests for Production Nos. 46–63.

        B. *Relator Statement*

Second, Defendant moves this Court to compel Plaintiff/Relator to produce the Relator Statement that he provided to the Government.  Under the False Claims Act, a private "person may bring a civil action for a violation of section 3729 for the person and for the United States Government [however] the action shall be brought in the name of the Government." 31 U.S.C. § 3730(b)(1) (2012).  Upon commencing the lawsuit, the Plaintiff/Relator, must serve "[a] copy of the complaint and written disclosure of substantially all material evidence and information the person possesses . . . pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure." 31 U.S.C. § 3730(b)(2).  The written disclosure of substantially all material evidence and information is referred to as the Relator Statement in this matter; however it has also been referred to as the Disclosure Statement or the Statement of Material Evidence.  *See, e.g.*, *United States ex rel. Hunt v. Merck-Medco Managed Care, LLC*, No. 00–CV–737, 2004 WL 868271, at *1 (E.D. Pa. Apr. 21, 2004) (referring to the Disclosure Statement); *United States ex rel. Burns v. A.D. Roe Co.*, 904 F. Supp. 592, 593 (W.D. Ky. 1995) (referring to the Statement of Material Evidence).  Accordingly, "'[t]he purpose of the written disclosure requirement is to provide the United States with enough information on the alleged fraud to be able to make a well reasoned decision on whether it should participate in the filed lawsuit or allow the relator to proceed alone.'" *United States ex rel. Fisher v. Ocwen Loan Servicing, LLC*, No. 4:12–CV–543, 2015

WL 4609742, at *2 (E.D. Tex. July 31, 2015) (quoting *United States ex rel. Bagley v. TRW, Inc.*, 212 F.R.D. 554, 555 (C.D. Cal. 2003)) (internal quotation marks omitted).  Plaintiff argues that the Relator Statement provided to the Government is protected from disclosure by the work-product doctrine and the common interest privilege.  Defendant, however, maintains that no privilege applies to the Relator Statement.

In sum, "[t]he work-product doctrine . . . protects from discovery materials prepared or collected by an attorney 'in the course of preparation for possible litigation.'"  *In re Grand Jury Investigation*, 599 F.2d 1224, 1228 (3d Cir. 1979) (quoting *Hickman v. Taylor*, 329 U.S. 495, 505 (1947)).  This Court, "[i]n applying the doctrine [should] consider the nature of the document for which protection is sought, as well as the facts surrounding its creation and distribution."  *SmithKline Beecham Corp. v. Apotex Corp.*, 232 F.R.D. 467, 473 (E.D. Pa. 2005).  Nevertheless, a party may still discover materials protected by the work-product doctrine "if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has *substantial need* for the materials to prepare its case and cannot, without undue hardship, obtain their *substantial equivalent by other means*."  Fed. R. Civ. P. 26(b)(3)(A) (emphasis added).  If the moving party does show a substantial need for the materials and that it cannot obtain the substantial equivalent of the evidence by other means, the court must still protect against the disclosure of opinion work product.  Fed. R. Civ. P. 26(b)(3)(B).

In *United States ex rel. Hunt v. Merck-Medco Managed Care, LLC*, the defendants filed an expedited motion to compel the production of the relator statement.  No. 00–CV–737, 2004 WL 868271, at *1 (E.D. Pa. Apr. 21, 2004).  Magistrate Judge Scuderi concluded that "[b]ecause the Disclosure Statements were prepared in anticipation of litigation, they fall within the general protection of the Work Product Doctrine."  *Id.* at *2.  That court found that because the trial was

5

months away and discovery was still underway that "the factual bases of the Relators' claims are already known, or should certainly become known as discovery proceeds." *Id.* That court distinguished the case from *United States ex rel. Stone v. Rockwell Int'l Corp.*, 144 F.R.D. 396, 401 (D. Colo. 1992)—which permitted discovery of the relator statement—because in *Stone* "the plaintiff had provided little in the way of discovery which would reveal the factual basis for the allegations in the relator's complaint, and that trial was only three (3) months away." *Id.* at *3. Magistrate Judge Scuderi ultimately concluded that the defendants were not entitled to the relator statement because they failed to show a substantial need for the materials and that they cannot obtain the substantial equivalent of the evidence by other means pursuant to Federal Rule of Civil Procedure 26(b)(3). *Id.*

The district court in *United States ex rel. Singh v. Bradford Regional Medical Center*, applied reasoning similar to Magistrate Scuderi. No. 04-186, 2007 WL 1576406, at *2–3 (W.D. Pa. May 31, 2007). That court denied the defendant's motion to compel production of the relator statement because the defendant had not completed any of the relators' depositions and other factual discovery. *Id.* at *3. The district court concluded that because factual discovery was incomplete, the defendant could not "show that they cannot obtain the substantial equivalent of the Disclosure Statements without undue hardship." *Id.* Neither court in *Hunt* and *Singh* reached the issue as to whether opinion work product was included in the relator statement because the defendants failed to show a substantial need for the materials and that they cannot obtain the substantial equivalent of the evidence by other means. *Singh*, 2007 WL 1576406, at *2; *Hunt*, 2004 WL 868271, at *3.

This Court finds that the Relator Statement was protected by the work-product doctrine and that Defendant failed to prove that it had a substantial need for the Relator Statement and

6

that a substantial equivalent of the evidence could not be obtained by other means. Defendant alleges that it has a substantial need for the Relator Statement because if it does not receive this document, Defendant "will be required to sort through 40,000 pages of documents supporting the additional 1,000 contracts referenced in Spletzer's document production in an attempt to divine the specific nature of Spletzer's claims." Doc. 105 at 14. This, however, is insufficient to show a substantial need for the Relator Statement. This is especially true because Defendant had a deposition arranged for Plaintiff/Relator to take place on August 21, 2015. *Id.* The deposition could not only aid in narrowing down the amount of documents that Defendant would be required to examine, but it also provides an additional avenue for Defendant to glean what information was included in the Relator Statement. Accordingly, based upon these facts, Defendant's argument that it had a substantial need and no other means to obtain the substantial equivalent of the Relator Statement is unavailing. Similar to the courts in *Hunt* and *Singh*, this Court need not evaluate whether the Relator Statement includes opinion work product within the document because the Court finds that Defendant failed to establish a substantial need for the materials and that it cannot obtain the substantial equivalent of the evidence by other means.

Since the Court finds that the work-product doctrine shields the Relator Statement from discovery, the Court need not consider whether or not the common interest privilege is also applicable.

### C. *Privilege Log*

Lastly, Defendant moves this Court to compel Plaintiff/Relator to produce a privilege log. Federal Rule of Civil Procedure 26(b)(5)(A) provides:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
> (i)   expressly make the claim; and

> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A).  Thus, "[o]nce a party withholds responsive documents on the basis of an assertion of privilege, '[a] log describing those documents not made available is in order.'" *Parks, LLC v. Tyson Foods, Inc.*, No. 5:15–cv–00946, 2015 WL 5042918, at *4 (E.D. Pa. Aug. 26, 2015) (quoting *Tex. Capital Corp. v. Fleet Capital Corp.*, No. Civ. A. 03–1605, 2004 WL 1472778, at *1 (E.D. Pa. June 14, 2004)) (collecting cases).  Accordingly, a privilege log "should 'identify each document and the individuals who were parties to the communications, providing sufficient detail to permit a judgment as to whether the document is at least potentially protected from disclosure.'"  *McCrink v. Peoples Benefit Life Ins. Co.*, No. 2:04CV01068LDD, 2004 WL 2743420, at *7 (E.D. Pa. Nov. 29. 2004) (quoting *Bowne of New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 474 (S.D.N.Y. 1993)).  The submission of a privilege log is important because it "allow[s] opposing counsel and, if necessary, the court to determine the basis of the claim. . . . [thus] [w]ithout such a log, that part of the review process cannot begin."  *Velocity Int'l, Inc. v. Celerity Healthcare Sols., Inc.*, No. 09–102, 2010 WL 2196423, at *4 (W.D. Pa. June 1, 2010).  If a party fails to properly assert a privilege the privilege may be waived.  *Rhoads Indus., Inc. v. Bldg. Materials Corp. of Am.*, 254 F.R.D. 216, 221 (E.D. Pa. 2008) (quoting *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 914 F. Supp. 1172, 1178 (E.D. Pa. 1996)).

This Court finds that since Plaintiff/Relator seeks to withhold certain documents from discovery because it is privileged, Plaintiff/Relator must provide Defendant with a privilege log.  Plaintiff/Relator claimed that he does not need to produce a privilege log because "the only documents withheld . . . are the Relator's Statement and the email communications between Plaintiff and his private counsel."  Doc 105 Exh. B, at 4.  This statement, however, does not

satisfy Federal Rule of Civil Procedure 26(b)(5)(A)(ii) because there is no description of the nature of each document, communication, or tangible object that will enable Defendant or this Court to assess the validity of the privilege.  Accordingly, Plaintiff/Relator should produce a privilege log that accounts for each document, communication, or tangible object withheld and provides sufficient detail to apprise Defendant of whether or not the material is subject to protection.

If Defendant has any objection to the privilege log produced or any challenge to the claimed privilege, counsel shall meet and confer in an effort to resolve such disputes prior to bringing the matter to the attention of the Court, by way of motion.

### IV.     CONCLUSION

The Court concludes that Plaintiff/Relator shall respond to Requests for Production Nos. 46–63 and shall produce a privilege log.  The Plaintiff/Relator need not respond to Requests for Production Nos. 38–45 nor does he have to produce the Relator Statement.  An appropriate order follows.